UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN,                      )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    No. 4:07-CV-279-CEJ
                                    )
ALAN BLAKE, et al.,                 )
                                    )
            Defendants.             )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident at the Missouri Sexual Offender Treatment Center, brings this action against defendants Alan Blake, Jon Rosenboom, Janine Semar, Linda Easton, and "Unknown Staff MSOTC." Liberally construing the complaint, plaintiff seeks damages and/or immediate release from confinement on the ground that Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined, is unconstitutional because it has a punitive purpose and effect.

## Discussion

Plaintiff's claim that the SVPA is unconstitutional on its face or as applied to him should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, to the extent that plaintiff seeks release from confinement, an application for a federal writ of habeas corpus is plaintiff's sole federal remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because there is no indication that plaintiff has exhausted his available state remedies, *see* 28 U.S.C. § 2254(b)(1)(A), his claim for immediate release must be dismissed without prejudice.

Second, to the extent that plaintiff seeks damages stemming from his allegedly unconstitutional confinement, plaintiff has failed to state a claim upon which relief may be granted. A judgment awarding plaintiff damages for being illegally confined would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question. *Cf. Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Moreover, the Court notes that the instant complaint is duplicative of an issue plaintiff asserted in a previously-filed case: *Coffman v. Blake*, 4:06-CV-474-CAS (E.D.Mo. 2006). Regarding the constitutionality of the SVPA, this court dismissed the 2006

3

case for the same reasons noted above, and the Eighth Circuit Court of Appeals affirmed the judgment. *See Coffman v. Blake*, No. 06-2237, slip op. (8th Cir. 2006). Accordingly, the instant action shall be dismissed as frivolous. *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (district courts may dismiss duplicative complaints as frivolous).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of April, 2007.

_____
**UNITED STATES DISTRICT JUDGE**